## FRANCIS JARVIS *vs.* JOHN BUTTRICK.

B., by his will, gave to his wife, in common with his daughter, the use of certain rooms in a house, and also gave to his daughter, in common with his wife, the use of the same rooms; which use the daughter was to have so long as she should remain unmarried. *Held,* that after the death of the wife, the daughter, remaining unmarried, was entitled to the sole use of the rooms.

In a deed conveying real estate, the grantor, after a description thereof, added that it was sold subject to the right of the widow and daughter of B. in the same — the daughter's " right to exist no longer than the widow occupies the premises to which she is entitled under said B.'s will" — and covenanted that the premises were free from all incumbrances except the above mentioned. By the will of B., the daughter had a right after the widow's death, in the estate conveyed. *Held,* that the grantor was liable to the grantee, in an action on the covenant against incumbrances.

COVENANT BROKEN. The parties submitted the case to the court upon the following facts : In April, 1825, John Buttrick, the father of the defendant, being the owner of a certain farm in Concord, on which he then lived, made his will, in which, among other things, were the following provisions for Hannah, his wife, and Emeline, his daughter, viz. " I also give to my said wife, in common with my daughter Emeline, the use of the northeasterly room, bed-room and chamber, in my dwellinghouse where I now live, with the privilege of using the kitchen and cellar in said house, in common with the persons, whoever they may be, who

occupy the other part of said house. I also give to my daughter Emeline aforesaid the use, in common with my said wife, of the northeasterly room, bed-room and chamber, and such use as she may need, in common with the other occupants of the house, of the kitchen and cellar in my dwellinghouse where I now live ; which use the said Emeline may have and enjoy so long as she remains unmarried."

Said testator died in September, 1825, and said will was afterwards, in the same year, duly proved, and allowed by the judge of probate for this county.

On the 15th of March, 1832, the defendant duly made and executed a deed conveying said farm and house to the plaintiff. After a description of the land, by its boundaries, &c. said deed contained these words : " The said premises being sold subject to the right which Mrs. Hannah Buttrick and Miss Emeline Buttrick, the widow and daughter of the late Colonel John Buttrick, deceased, have in the same. Said Hannah's right is only during her widowhood, and said Emeline's right to exist no longer than said Hannah occupies the part of the premises to which she is entitled under said Colonel John Buttrick's will."

The defendant covenanted, in said deed, that the premises were "free from all incumbrances, except the abovenamed have in the same," and that he would warrant and defend the same to the plaintiff, his heirs, &c. against the lawful claims, &c. of all persons, " except the claims of the abovenamed."

After the death of said testator, his widow, and his daughter Emeline, by virtue of said will, entered into and occupied the part of the house abovenamed, until the death of said widow on the 1st of June, 1839. Said Emeline, being above the age of twenty-one years, and never having been married, has continued to occupy said part of said house, since said 1st of June, claiming a right so to do, by virtue of said will, and has refused to give up the possession to the plaintiff.

Judgment to be rendered for the plaintiff, if there has been a breach of the covenants in the defendant's said deed ; and damages to be assessed in such way as the court may direct.

*Keyes*, for the plaintiff, cited 3 Dane Ab. 574, *et seq.* *Thayer* v. *Clemence*, 22 Pick. 490.

*Buttrick*, for the defendant, cited *Sprague* v. *Snow*, 4 Pick. 54. 2 Saund. 96 *b.* *note* (1). 3 Dane Ab. 583. *Powell* v. *Clark*, 5 Mass. 357. *Tempany* v. *Burnand*, 4 Campb. 21. *Howell* v. *Richards*, 11 East, 640. *Wilson* v. *Smith*, 7 T. R. 216, *note.*

WILDE, J. This was an action of covenant brought for the alleged breach of the covenant against incumbrances, contained in a deed of conveyance of real estate, from the defendant to the plaintiff. By the granting part of the deed, it appears tha the estate was "sold subject to the right which Hannah Buttrick, and Emeline Buttrick, the widow and daughter of the late John Buttrick, deceased, have in the same : Said Hannah's right is only during her widowhood, and said Emeline's right to exist no longer than said Hannah occupies the part of the premises, to which she is entitled under said John Buttrick's will." Among other covenants, the defendant covenanted that the granted premises were "free from all incumbrances except the abovenamed have in the same." The breach alleged is, that the said Hannah died on the first day of June, 1839, and that the said Eméline has ever since that time continued to occupy the part of the house on said granted premises, which was given her by the said John Buttrick's will ; and that she had a right so to occupy it. By the will it appears that the use of certain parts of the house was given to the said Emeline, in common with the said Hannah, "which use the said Emeline may have and enjoy, so long as she remains unmarried." It being agreed that the said Emeline still remains unmarried, we think it very clear, that she is entitled to the use of that part of the house which was given her by the will.

It was argued for the defendant, that Emeline had no right to the use and occupation except in common with her mother, the said Hannah. But such a construction is inadmissible. It is repugnant to the express words of the will, which defines and limits the use. The prior words of the will, which gave to the said Emeline the use and privileges in the house, in common

with the said Hannah, were intended to limit her right during the said Hannah's life ; and the limitation ceased on her death.

Then it was argued, that the defendant did not covenant that the right of the said Emeline was limited to the life of the said Hannah : That the words of the will, on which the plaintiff relies, are words of description and do not amount to a covenant. But there is an express covenant, that the granted premises were free from all incumbrances except those which the abovenamed had in the same. Those incumbrances and claims had been limited in the description of the estate conveyed, and were unquestionably referred to as there described. To give the true construction of any clause in a deed, other parts of the deed are to be considered, in order to ascertain the intention of the varties ; and taking all parts of the deed into consideration, we can have no doubt of the true meaning of the covenant against mcumbrances. It is a covenant against all incumbrances, except those which were excepted and defined in the description of the estate conveyed.

*Judgment for the plaintiff.*